# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RONNIE E. TOWNSEND, II,**

    **Plaintiff,**

    v.                              CASE NO. 20-3035-SAC

**BRENNA M. LYNCH, et al.,**

    **Defendants.**

## O R D E R

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and in forma pauperis.

### Nature of the Complaint

The complaint names as defendants an assistant district attorney and a defense attorney. In Count 1, plaintiff alleges that deliberate delay in the criminal proceedings against him violates his right to a speedy trial. In Count 2, he alleges violations of due process and equal protection, claiming the defendant prosecutor maliciously filed a charge not supported by evidence to increase the severity of charges and the bond amount in his case. In Count 3, he alleges violations of due process and equal protection, claiming the defendant prosecutor threatened to file additional charges if he did not accept a plea offer. In Count 4, he alleges a violation of 42 U.S.C. § 1985(3), stating that after he declined a plea agreement in October 2019, his defense counsel withdrew, resulting in a delay in his trial date and allowing the prosecution to file additional charges. Plaintiff alleges this sequence of events arose from a conspiracy between the defendants. He seeks declaratory and injunctive relief, a jury trial,

and costs.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

Under *Younger v. Harris*, 401 U.S. 37 (1971), the federal courts are to abstain from exercising jurisdiction to interfere with state proceedings when the following requirements are met: (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to consider the claims presented in the federal complaint; and (3) the state proceedings

involve important state interests. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). When these elements are met, "*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)(citing *Seneca-Cayuga Tribe v. Okla.*, 874 F.2d 709, 711 (10th Cir. 1989)).

Here, there are ongoing state criminal proceedings, and important state interests are involved, as the State of Kansas has an important interest in the enforcement of its criminal laws. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007)("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.")(citing *Younger*, 401 U.S. at 44). Finally, the Kansas courts provide plaintiff with an adequate forum to present his claims that he was denied a speedy trial. *See Capps v. Sullivan*, 13 F.3d 350, 354 n. 2(10th Cir. 1993)("[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised … may be resolved either by trial on the merits in the state court or by other [available] state procedures.")(quotation omitted); *see also Robb v. Connolly*, 111 U.S. 624, 637 (1984)("state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States….'"). Accordingly, the Court will stay this matter under *Younger* pending the resolution of the criminal action against plaintiff and will direct him to submit a status report concerning that matter.

Plaintiff also has submitted a combined motion for temporary restraining order and preliminary injunction. The motion seeks relief based on the failure of the state court to provide a speedy trial.

Because the Court concludes that the *Younger* doctrine requires abstention in this case, a finding that includes the determination that plaintiff's speedy trial claim can be addressed in the state courts, the Court will deny the motion for immediate relief.

IT IS, THEREFORE, BY THE COURT ORDERED that this matter is stayed under *Younger v. Harris* pending the resolution of the criminal action against plaintiff. Plaintiff is directed to provide a status report on the state action on or before **May 4, 2020.**

IT IS FURTHER ORDERED that plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 5) is denied.

**IT IS SO ORDERED.**

DATED: This 4th day of February, 2020, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge